UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H 98-215 |
| | § | |
| EDWARD LIONEL BLAKE | § | |

**ORDER**

Edward Lionel Blake moves for reconsideration of this court's September 8, 2008 order denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Blake's motion was based on Amendment 706 to the Sentencing Guidelines, which, together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses. The motion was denied on the ground that Blake was sentenced as a career offender under U.S.S.G. § 4B1.1. As a result, Amendment 706 did not have the effect of lowering his applicable guideline range. Blake moves for reconsideration, arguing that career offender status does not preclude reduction under the retroactive amendment to the Sentencing Guidelines.

Blake was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and aiding and abetting possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The base offense level of 32 was calculated using the drug quantity tables and a criminal history category of VI. The original total offense level was 32. Blake qualified as a career offender under Sentencing Guidelines § 4B1.1, which states: "A defendant is a career offender if (1)

the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Blake's total offense level under the Guideline for career offender enhancement was 37. *See* U.S.S.G. § 4B1.1(b). Blake's criminal history category under § 4B1.1(b) was VI. Because Blake did not receive the three-level reduction for acceptance of responsibility, the range was 360 months to life imprisonment. This court sentenced Blake to the low end, 360 months. Blake appealed and filed a motion under 28 U.S.C. § 2255, both without success.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 provides a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable effective March 3, 2008. *See* U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

This court appointed counsel for Blake to assist in litigating the application of the Amendment. Counsel filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). This court found that a sentence reduction was not authorized by § 3582(c)(2) because Amendment 706 did not affect career offender status under § 4B1.1 and therefore did not lower the applicable Guideline range. This motion for reconsideration followed.

2

Section 3582(c) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994( o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Blake argues that his sentence was "based on a sentencing range that has subsequently been lowered." He also argues that because he was sentenced before *Booker*, when the Guidelines were mandatory rather than advisory, a full resentencing to recalculate the applicable Guideline range is necessary under § 3682(c), followed by a determination, in light of the 18 U.S.C. § 3553(a) factors whether further reduction is warranted.

Every circuit court, and virtually every district court, to have considered this issue has rejected such arguments. These courts have held that a defendant sentenced as a career offender is ineligible for a reduced sentence under Amendment 706 because it has no effect on the Guideline range. Although the Amendment lowered base offense levels, if the final offense level was determined by § 4B1.1, the career offender guideline, Amendment 706 did not alter the sentencing range. As a result, the courts have held that district courts lack authority to reduce such sentences. *See, e.g., United States v. Thomas*, 524 F.3d 889 (8th

3

Cir.2008) (per curiam) (the court affirmed the denial of a § 3582(c)(2) motion based on Amendment 706; the defendant was sentenced as a career offender under § 4B1.1, concluding that the sentencing range was therefore determined by § 4B1.1, not by § 2D1.1, and although Amendment 706 lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack-cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1); *United States v. Moore*, 541 F.3d 1323, 1325-1328 (11th Cir. 2008); *United States v. Olden*, 2008 WL 4596336, at *3 (10th Cir. 2008); *see United States v. Burrell*, No. 2:02-cr-96-FTM-29DNF, 2008 WL 434728, at *1 (M.D. Fla. Feb.14, 2008) (suggesting that defendant was not eligible for sentence reduction under Amendment 706 because he was sentenced as a career offender and his guideline range was not affected by the two-level reduction in offense level); *United States v. Pizarro*, No. 98-cr148-01-PB, 2008 WL 351581, *1 (D.N.H. Feb.8, 2008) ("The retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender"); *Cf. United States v. Poindexter*, 550 F.Supp.2d 578, 581 (E.D. Pa. 2008) (reduction was appropriate because defendant's sentence was "based on" § 2D1.1, not § 4B1.1; district judge determined that the career offender guideline "overrepresents the total offense level in this case," and declined to apply it); *United States v. Nigatu*, 2008 WL 926561, at *1 (D. Minn. Apr. 7, 2008) (reduction was appropriate because although defendant qualified for career offender designation, sentencing judge declined to apply it so sentence was determining using the drug quantity guidelines from § 2B1.1).

These courts recognize that § 3582(c)(2) only applies to a defendant whose sentence was "based on" a subsequently lowered "sentencing range." In this case, Blake's sentence was based on the Guideline range applicable to career offenders under § 4B1.1. The base offense level under § 2D1.1 played no role in the calculation of this range. Amendment 706's effect on Blake's base offense level would not lower the range on which his sentence was based.

Further support for this result is found in U.S.S.G. § 1B1.10, the recently revised policy statement addressing reductions in sentences as a result of amended Guideline ranges. This statement provides in relevant part:

> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
> . . .
>
> (B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (made effective on March 3, 2008, by Amendment 712).

The Application Note to § 1B1.10(a) makes clear its application in circumstances such as the present case. Application Note 1(A) provides that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis added).

Amendment 706 is "applicable to the defendant" in that it reduced his base offense level, but it did not have the effect of lowering his applicable Guideline range because of the application of the career offender guideline. The Sentencing Commission contemplated that inmates in Blake's position would not be eligible for relief under § 3582(c)(2).

In sum, retroactive application of a two-level reduction to Blake's adjusted base offense level, as prescribed by Amendment 706, would not result in a lesser sentence because the offense level applied in calculating his sentence was not based on the quantity of crack cocaine but on his career offender status. As a result, "a reduction" in Blake's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706, as listed in § 1B1.10(c), "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(b), Amend. 712 (March 3, 2008 Supp.).

Contrary to Blake's argument, the Supreme Court's decisions in *Booker* and subsequent cases do not support resentencing. By the terms of § 3852(c)(2), a district court has authority to modify a sentence only when a sentencing range has been lowered by the Sentencing Commission under 28 U.S.C. § 994(o). *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir.2006) (holding that "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range" (emphasis in original)). Consequently, *Booker* does not provide a basis for sentence reduction under § 3582(c)(2). *Id.; see also United States v. Rolle*, No. 05-7554, 2006 WL 177596, at *1 (4th

Cir. Jan.25, 2006) (unpub. disp.) (holding that a sentence reduction based on *Booker* was "unavailable" under § 3582(c)(2)); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir.2005) (holding that *Booker* is a not a retroactively applicable guideline amendment by the Sentencing Commission, and is therefore "inapplicable to § 3582(c)(2) motions"); *United States v. Sanchez*, No. 05-2636, 2005 WL 1798284, at *1 (3d Cir. Aug.1, 2005) (unpub. disp.) (holding that § 3582(c)(2) does not permit a reduction in sentence based on a Supreme Court decision that is not related to an actual amendment of the Guidelines); *Hayes v. United States*, No. 04-4158, 2005 WL 1523491, at *2 (7th Cir. Jun.29, 2005) (unpub. disp.) (holding that § 3582(c)(2) does not authorizes an inmate to file a motion to reduce his sentence based on new case law); *United States v. Privette*, No. 04-10758, 2005 WL 995951, at *1 (5th Cir. Apr.29, 2005) (unpub. disp.) (holding that by its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines).

This court denies Blake's motion for reconsideration of the order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).

SIGNED on October 28, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge